I concur with the majority's holding that relevant evidence should not be unavailable to the requesting party because the responding party does not maintain the evidence in a readily retrievable form. I write specially to add that while the standard for determining discoverability under Rule 26, Ala. R. Civ. P., is relevance and not admissibility, in regard to a fraud and bad faith claim against an insurer, where the insurance company's failure to pay claims and provide a defense is grounded upon its construction of a specific policy provision, I would favor some limitation on the scope of discovery of pattern evidence. Where information is sought concerning instances involving claims personnel other than those involved in handling the plaintiff's claim, I would limit such discovery to other cases involving the same defense. The answers to interrogatories in the instant case indicate that the insurer will rely on the defense of failure to pay the premiums required by the terms of the policy. However, before this Court the only issue is the validity of the trial court's order, entered after the trial court had overruled the insurer's general objection as to relevance, excusing the insurer from answering if the information does not exist in the form requested.